OPINION OF THE COURT
Millard L. Midonick, J.
The executor has raised a question with regard to the virtual representation of unborn remaindermen under SCPA 315 at the inception of this proceeding for a judicial settlement of its final account. The issue arises with respect to the residuary estate which is distributable to the petitioner as trustee of the two inter vivas trusts created by the testator for his son and daughter respectively. Under the terms of each trust, income is payable to the named child until he or she attains the age of 30 when the principal is paid over to him or her. Each child has a special power of appointment in the event of death before reaching 30. In default of the exercise of the power, the principal goes to the child’s issue but if none, which is the case at present in both trusts, to the child’s sibling (outright if the sibling’s own trust has terminated otherwise to be added to *20 that trust) if living, but if not, to the issue of the sibling and in default of such issue to the decedent’s sister Bernice, if living, and if not, to her issue.
Petitioner contends first that the unborn issue of each child are represented by the other child as the presumptive remainderman. The virtual representation statute (SCPA 315, subd 2, par [a], cl [iii]) does provide that where a remainder is limited to unborn persons they need not be joined as parties “but if it appears that there is no certain or presumptive remainderman in being or ascertained, the court shall appoint a guardian ad litem to represent or protect the persons who eventually may become entitled to the interest.”
The interest of the presumptive remainderman who represents unborns may be a subsequent one under the plain meaning of the statute in contrast to the language in clause (ii) of this subdivision requiring the virtual representative to have a prior interest. (10 Cox-Arenson-Medina, NY Civ Prac, par 315.07.)
The difficulty with permitting these presumptive remaindermen to represent the unborns is the possible inadequacy of such representation. Each presumptive remainderman is the primary income beneficiary of a twin trust. Each has already received distributions of income and the account also shows undistributed income on hand. This court has permitted an income beneficiary to represent a remainderman where their economic interests were identical, i.e., where neither had any interest save the maximum protection of the principal. But those cases involved a secondary income beneficiary not primary beneficiaries who have an interest in the allocation of income to the undistributed income account and particularly not cases where income has been distributed to them. (Matter of Pinkerson, NYLJ, Dec. 18, 1978, p 14, col 6; Matter of Sunderhauf, NYLJ, Aug. 2, 1978, p 11, col 2.) Thus the presumptive remaindermen may not virtually represent the unborns because their representation may be inadequate. (SCPA 315, subd 6.)
Petitioner then contends that the decedent’s sister Bernice may represent the unborns. She is not the presumptive *21 remainderman and such representation seems to this court to violate the language and the purpose of the statute. The statute quite clearly provides for the appointment of a guardian ad litem if there is no presumptive remainderman. Here we have a presumptive remainderman whose role as virtual representative the court will not accept which is surely the equivalent of nonexistence for purposes of this statute. To allow a more remote remainder interest to serve as representative not only flouts the language of the statute but raises a question as to the adequacy of representation. Bernice has a remote interest in these trusts while the presumptive remaindermen are on the scene and the court must doubt the adequacy with which she would represent the unborns.
Virtual representation must be applied with caution since the finality of the decree is at risk. (Matter of Silver, 72 Misc 2d 963; Matter of Peck, NYLJ, June 13, 1979, p 12, col 2.) The best interests of the parties are not served by reading this statute loosely. A guardian ad litem must be appointed for the unborn remaindermen.